IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Amanda U. Levy,                     )<br>                                              )<br>            Plaintiff,           )<br>                                              )<br>    vs.                                   )<br>                                              )<br>Denny's Corporation,              )<br>                                              )<br>            Defendant.      )<br>_____) | Civil Action No. 7:13-565-MGL-KFM<br><br>**ORDER AND<br><u>REPORT OF MAGISTRATE JUDGE</u>** |

   This matter is before the court on the defendant's motion to dismiss (doc. 31) and various motions by the plaintiff (docs. 39, 40, 45, 52, 54, 55), who is proceeding *pro se*. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## **<u>PROCEDURAL HISTORY</u>**

   The plaintiff filed her complaint (doc. 1) on March 4, 2013. On March 13, 2013, the court issued an order (doc. 7) directing the plaintiff to sign her complaint form and perfect other documents prior to issuance of process. On March 16, 2013, the plaintiff signed an amended complaint, which was filed on March 20, 2013, as an attachment to her initial unsigned complaint (*see* doc. 1-3). This document effectively is an amended complaint as it omits the plaintiff's causes of action for assault and battery and breach of oral contract, which were included in the unsigned complaint. The defendant contends that since the plaintiff is highly experienced in federal litigation, as will be further discussed below, she knowingly omitted these causes of actions in an amended complaint instead of simply signing the last page of her original complaint as directed by the court. This court agrees and will only address the claims in the amended complaint (doc. 1-3) as the plaintiff has abandoned her breach of contract and assault and battery claims.

The United States Marshals Service served the original complaint and amended complaint on the defendant on April 11, 2013 (*see* doc. 22). On April 24, 2013, the defendant filed a motion for extension of time to answer or otherwise plead so that it could request that the plaintiff dismiss it as an improper party because it is a franchisor of the independently owned and operated franchisee, which is the subject of all of the plaintiff's allegations (doc. 23.) The court granted the motion the following day (doc. 24.) The defendant communicated its request to the plaintiff who refused to voluntarily dismiss the defendant. Therefore, on May 23, 2013, the defendant filed its motion to dismiss the amended complaint (doc. 31). On May 24, 2013, an order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advising the plaintiff of the motion to dismiss procedure and the possible consequences if she failed to adequately respond to the motion. The plaintiff filed her response in opposition on May 28, 2013. The defendant filed a reply on June 7, 2013. The plaintiff has also filed several motions: motion for relief (doc. 39), revised motion for relief (doc. 40), two motions to amend (docs. 45, 52), motion to strike the motion to dismiss (doc. 54), and motion to receive court documents via email (doc. 55).

**PLAINTIFF'S HISTORY IN THE FEDERAL DISTRICT COURTS**

Since 2004, the plaintiff has filed approximately 359 cases in federal district courts across the country (*see* doc. 23-2, list of fed. cases). *See In Re Katrina Canal Breaches Consol. Litig.*, 533 F.Supp.2d 615, 631–33 & nn. 14–15 (E.D.La.2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records, on a Rule 12(b)(6) motion to dismiss). Thus far, defendant Denny's has been the target of both of the plaintiff's complaints in this court, both of which have alleged discrimination in public accommodation under Title III of the ADA. *See Ajuluchuku v. Denny's*, C.A. No. 7:05-1085-HFF-BHH (D.S.C.). The parties settled the 2005 case, and it was dismissed *with prejudice* on June 3, 2005, by the Honorable Henry F. Floyd, (then) United States District Judge. A limited review of the plaintiff's other federal cases reveals that, much like this case, many of her complaints alleged the same causes of action for

2

discrimination based on disability and national origin or some type of tort for various alleged injuries suffered during the alleged discrimination. *See, e.g., Levy v. United Airlines, Inc.*, No. 1:13-cv-1649 (N.D.Il. April 4, 2013) (dismissing the plaintiff's claims, filed the same day as her original complaint in this action, as frivolous and for failure to state a claim); *Levy v. BP Corporation*, No.4:13-cv-688 (S.D.Tx. March 11, 2013) (alleging similar facts and causes of action as the case at bar only a week after filing the instant complaint); *Ajuluchuku v. Bank of America*, No. 3:06-cv-60-RJC-CH, 2007 WL 952015 (W.D.N.C. March 27, 2007); *Ajuluchuku v. Southern New England School of Law, et al.*, and related actions, No. 1:05-MI-255, 2006 WL 2661232 (N.D.Ga. Sept. 14, 2006); *Ajuluchuku v. Zions Bancorporation*, No. 2:05-cv-906-DAK, 2006 WL 2668709 (D. Utah Sept. 14, 2006)*; Ajuluchuku v. Yum! Brand, Inc., Ltd.*, No. 3:05-826-JGH, 2006 WL 1523218 (W.D.Ky. May 23, 2006).[1]

      In his order placing filing restrictions on the plaintiff in *Ajuluchuku v. Yum! Brand, Inc., Ltd.*, Judge Heyburn noted that, as of May 2006, district courts in Massachusetts, Maryland, the Western District of Washington, and the Northern District of Georgia had already placed filing restrictions on the plaintiff. *See* 2006 WL 1523218, at *2. Judge Heyburn dismissed the plaintiff's complaint with a final order, discouraged an appeal, and restricted the plaintiff from filing *in forma pauperis* in the Western District of Kentucky. *Id*. at *3.  In an analogous situation, this court has reviewed the repeated similar complaints of a serial plaintiff, concluded that the pleading was frivolous, and dismissed the complaint *with prejudice* and warned the plaintiff that even a second similar filing in this court will result in pre-filing screening of the plaintiff's future complaints. *See Flores v. U.S. Atty. Gen. et al.*, No. 6:13-167, 2013 WL 1786392 (D.S.C. March 23, 2013), *adopted by* 2013 WL 1786360 (D.S.C. April 25, 2013).

---

[1]The unpublished opinions and orders cited are attached to the defendant's motion to dismiss as exhibit A (*see* doc. 31-2).

**MOTION TO DISMISS**

The plaintiff's amended complaint (doc. 1-3) states causes of action for: (1) discrimination in public accommodation because of her alleged disability under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12182, *et seq.*; (2) discrimination in public accommodation because of her national origin under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a); (3) negligence; and (4) "personal injury tort."

*Facts Presented*

In her amended complaint, the plaintiff alleges that she visited a Denny's in Los Angeles, California on or before April 30, 2012, and ordered breakfast. She claims a Hispanic waiter "ousted her" from the restaurant because she was sleeping. The plaintiff was wearing sunglasses in the restaurant and claims she is disabled due to "recurring deafness." The plaintiff claims that the waiter yelled incessantly and ordered her to leave the restaurant. The plaintiff left the restaurant but returned because it was raining. The plaintiff claims she suffered "more personal injuries." She further states that she fell and injured her ankle and that Denny's did not allow her to finish her meal (doc.1-3 at p. 2). The plaintiff states that her father was Nigerian. She claims she is disabled under the ADA because:

> She has problems with walking, standing, running, hearing, driving, aging etc. When she was two years old, she fell down and injured the center of her head. It was split into two. She could not grow past 8 years old. It was not until she became pregnant with her son she grew. He gave her stem cells. Since his birth, she stopped growing. He has outgrown her. Sometimes, she walks with a cane. She drives about twenty-five miles an hour on the streets and freeways. She can't age without her children. Given that she drives about twenty miles an hour, Dr. Mark Schwartz issued her a permanent disabled placard. It renews automatically every two years.

(*Id.* at p. 3). The plaintiff claims she suffered bruises, darkened skin on her face and neck, and undue stress as a result of Denny's misconduct (*id.*). In her prayer for relief in the amended complaint, she states that she suffered pains and sufferings related to personal injuries, out of pocket medical expenses, permanent damage to her body, embarrassment,

humiliation, discrimination based on national origin, loss of reputation, and lost wages and earning capacity. The plaintiff seeks $2,000,000 in damages (*id.* at p. 4). The plaintiff alleges this court has subject matter jurisdiction based upon a federal question, as she has alleged a claim under the ADA. She further alleges that the court has diversity jurisdiction as she is a resident of California, and the defendant is a South Carolina corporation (*id.*).

*Analysis*

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' " *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 569). Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Furthermore, a complaint is insufficient if it provides bare assertions lacking additional factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (U.S. 2009) (citing *Twombly*, 550 U.S. at 555). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *See De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 (*see* doc. 7). Under 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

against an immune defendant. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325. The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. *Id.* at 327.

The plaintiff's public accommodation claim under Title III of the ADA and her claim under Title II of the Civil Rights Act of 1964 should be dismissed for failure to pray for equitable relief, which is the only remedy available under either claim. "Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674 (2001). Title III, which applies to discrimination by places of public accommodation, is implicated by the instant case. However, it is well established that Title III of the ADA does not provide for a private cause of action for monetary relief. *See Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004). Rather, [a] private individual may only obtain injunctive relief . . . ." *Id. See* 42 U.S.C. §§ 12188, 2000a-3(a). Title II of the Civil Rights Act of 1964 (42 U.S.C. § 2000a *et seq*.) prohibits public accommodations from discriminating on the basis of race, color, religion, or national origin. Like the ADA, however, "[w]hen a plaintiff brings an action under that Title, he cannot recover damages." *Newman v. Piggie Park Enters. Inc*., 390 U.S. 400, 402 (1968). Here, the plaintiff is seeking only money damages, not injunctive relief. Accordingly, her ADA and Civil Rights Act claims should be dismissed for failure to state a claim.

Furthermore, the plaintiff bases her Title II national origin claim solely on the basis that her father was Nigerian. The plaintiff does not allege that Denny's knew or should have known her, or her father's, national origin. The plaintiff does not make a single factual allegation supporting discriminatory animus based on her national origin, and no reasonable inference drawn in the plaintiff's favor could relate Denny's alleged conduct to the plaintiff's national origin. Accordingly, the plaintiff's Civil Rights Act claim should be dismissed for this reason as well.

6

The plaintiff's relevant allegations with regard to Title III of the ADA are that she is disabled due to "recurring deafness" and that she was not allowed to finish her meal (doc. 1-3 at p. 2). To make even a *prima facie* showing of discrimination under Title II of the ADA, a person must show: "(1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability, and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation." *Amir v. St. Louis University*, 184 F.3d 1017, 1027 (8th Cir. 1999). The plaintiff fails to allege any of the necessary facts to state a Title III claim except that she is disabled under the ADA. The plaintiff does not allege any facts remotely inferring that the restaurant was inaccessible to her or otherwise prevented her from full enjoyment of its services because of her alleged disability. Furthermore, the plaintiff does not allege that the defendant's actions were in any way related to her alleged disability. To the contrary, the plaintiff alleges that she was enjoying the defendant's services when she was told to leave the restaurant, presumably because she appeared to be asleep in the restaurant (doc.1-3 at p. 2). Based upon the foregoing, the plaintiff's Title III claim does not meet the facial plausibility standard and should be dismissed.

The plaintiff's state law causes of action for negligence and personal injury consist of legal conclusions without sufficient factual support. The plaintiff alleges in her negligence cause of action: "Defendant was negligent" (doc. 1-3 at p. 3). In her "personal injury tort" cause of action, the plaintiff alleges that she "established all three elements [of personal injury]" (*id.*). The plaintiff's factual allegations related to these claims are that the defendant "ousted" her from its restaurant; that a waiter "yelled incessantly"; that the waiter "ordered the plaintiff to get up and leave at once"; that she "suffered more personal injuries"; that she "fell and injured her ankle"; and that she was not allowed to finish her meal (*id*. at p. 2).

7

The plaintiff's allegations are not enough to state a plausible claim for negligence or personal injury. Both a personal injury claim and a negligence claim require: (1) a duty; (2) a breach of that duty; (3) proximate cause; and (4) an injury. *See Grillo v. Speedrite Products, Inc.*, 532 S.E.2d 1, 3 (S.C. Ct. App. 2000) (stating elements of a cause of action in tort for personal injury); *Thomasko v. Poole*, 561 S.E.2d 597, 599 (S.C. 2002) (stating elements of a negligence cause of action). Here, the plaintiff has not alleged a duty owed to her by the defendant. Further, while the plaintiff has alleged numerous types of injuries, she does not allege that those injuries were proximately caused by the defendant's negligence. The only factual allegation of injury contained in her statement of facts is that she fell and injured her ankle. She does not allege that her injured ankle was a result of the defendant's negligent conduct. Moreover, no reasonable inference can be drawn that by "order[ing] Plaintiff to get up and leave at once" the defendant caused her to fall and injure her ankle. Therefore, the plaintiff fails to allege sufficient facts to give her negligence and personal injury causes of action facial plausibility.

Based upon the foregoing, the defendant's motion to dismiss should be granted as the amended complaint fails to state a claim upon which relief may be granted and as the plaintiff's claims are frivolous.

***Plaintiff's Motions***

In her response in opposition to the motion to dismiss, the plaintiff claims that "Defendant shoved her" (doc. 36 at p. 1). This allegation is not contained in her amended complaint, and thus it will be considered as a motion to amend her amended complaint to add this allegation. On May 28 and June 7, 2013, the plaintiff filed motions "for relief." In the first, the plaintiff contends that the defendant should be ordered to pay her $1,000,000 (doc. 39-1). In the second motion, she requests $5,000,000 in damages from the defendant (doc. 40). On June 18, 2013, the plaintiff filed a motion to amend (doc. 45). In this motion, the plaintiff contends that the employee who "ousted" her from the restaurant was Persian-American. She further alleges "that Defendant shoved her aside. Plaintiff alleges that she fell inside and outside Defendant's restaurant and injured her neck and

legs" (*id.* at p. 2). The motion also includes numerous accusations of bullying by unnamed persons unrelated to the instant case (*id.* at pp. 2-3). On July 25, 2013, the plaintiff filed another motion to amend (doc. 52), this time alleging that the employee she encountered at the defendant restaurant was Salvadorian-American and that he "shoved her, defamed her, falsely imprisoned her, banned her from re-entering or ever entering Defendant's restaurant, discriminated against her" (doc. 52 at p. 2). She further claims that "[d]ue to Defendant's trauma, Plaintiff injured her hips and legs" (*id.*). The plaintiff seeks $10,000,000 in damages in the most recent motion to amend (*id.*).

Here, as discussed above, the plaintiff has already filed one amended complaint (doc. 1-3).[2] Under Federal Rule of Civil Procedure 15(a)(2), the court should "freely give leave [to amend] when justice so requires." However, "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Associates*, 602 F.3d 597, 602-603 (4th Cir. 2010). In the foregoing motions, the plaintiff seeks to save her state law claims from dismissal by alleging that the defendant's employee shoved her. However, any such amendment would be futile as the plaintiff has still failed to allege any duty that the defendant owed her. *See Levy v. Rite Aid Corp.*, C.A. No. 1:13-cv-629, 2013 WL 1736799, at * 3 (M.D. Pa. April 22, 2013) (dismissing

---

[2]Federal Rule of Civil Procedure 15(a)(1) provides in pertinent part:
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed.R.Civ.P. 15(a)(1). Here, the plaintiff used her one amendment as a matter of course by amending her complaint on March 20, 2013 (doc. 1-3). Therefore, the plaintiff may only amend with the opposing party's consent or the court's leave. Fed.R.Civ.P. 15(a)(2).

the plaintiff's negligence claim for failure to plead that defendant Rite Aid owed any duty to her). Accordingly, the motions to amend (docs. 39, 40, 45, 52) are denied.[3]

On July 29, 2013, the plaintiff filed a motion to strike the defendant's motion to dismiss (doc. 54) and a motion to receive court documents by email. The plaintiff makes nonsensical allegations of bullying against unnamed persons and states that "bullies also target [her] at post offices." Thus, she claims she does not always receive court documents and would therefore like to receive them via email. The motions (docs. 54, 55) are denied.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, IT IS RECOMMENDED that the Clerk of Court be directed to file ECF document 1-3 as the plaintiff's amended complaint and that the defendant's motion to dismiss (doc. 31) be granted *with prejudice*. Moreover, given the plaintiff's extensive history of abuse of the court process, she should be warned that any further frivolous filings in this court will likely result in her prohibition from proceeding *in forma pauperis* in any action before this court.

IT IS ORDERED that the plaintiff's motions (docs. 39, 40, 45, 52, 54, 55) are denied.

s/ Kevin F. McDonald
United States Magistrate Judge

August 6, 2013
Greenville, South Carolina

---

[3]In its reply brief in support of the motion to dismiss, the defendant cites numerous cases in which the plaintiff's complaints contain facts and claims that are similar or identical to the case at bar (doc. 41 at pp. 3-5; doc. 41-1, unpublished cases and federal filings). For example, in *Levy v. McDonald's Corp.*, C.A. No. 1:13-cv-1666 (N.D. Ill.), which was filed the same day as the original complaint in the case at bar, the plaintiff similarly alleges that two Hispanic men "ousted" her from a restaurant late at night, after accusing her of sleeping, after which she attempted to re-enter the restaurant resulting in physical contact with one of the Hispanic men, who caused her to fall and injure her back and legs (*see* doc. 41-1 at pp. 21-24).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).