IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Amanda U. Levy, | ) | Civil Action No.: 7:13-cv-00565-MGL |
| Plaintiff, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| Denny's Corporation, | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Amanda U. Levy ("Plaintiff") filed this action against Denny's Corporation ("Defendant") on March 4, 2013, alleging claims of discrimination in public accommodation, assault and battery, negligence, breach of an oral contract for Plaintiff to finish a meal, and personal injury tort stemming from an incident at a Los Angeles, California Denny's restaurant. Plaintiff alleges that she was ousted from the restaurant before she could finish her meal and suffered personal injuries as a result. (ECF No. 1.) Plaintiff demands $2,000,000.00 in damages. Plaintiff submitted an amended complaint after having received a proper form order which eliminated her causes of action for breach of an oral contract and assault and battery. (ECF No. 1-3.) On May 23, 2013, Defendant filed a motion to dismiss Plaintiff's amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 31.) Plaintiff filed a response in opposition on May 28, 2013 (ECF No. 36), after an order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advising Plaintiff of the motion to dismiss procedure and the possible consequences if she failed to adequately respond to the motion. (ECF No. 34.) Defendant filed a reply in support of its Motion to Dismiss Plaintiff's Amended Complaint on June 7, 2013. (ECF No. 41.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for consideration of pretrial matters. The Magistrate Judge has prepared a thorough Report and Recommendation which recommends that the Clerk of Court be directed to file ECF No.1-3 as Plaintiff's amended complaint and that Defendant's Motion to Dismiss (ECF No. 31) be granted. (ECF No. 56) The Magistrate Judge also denied Plaintiff's non-dispositive motions. (ECF No. 39, 40, 45, 52, 54, and 55.) Plaintiff filed objections to the Report and Recommendation (ECF No. 60) and Defendant filed a reply in opposition to Plaintiff's objections. (ECF No. 63.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them herein. For the reasons set forth herein, this court adopts the Report and Recommendation and Defendant's Motion to Dismiss is granted.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Magistrate Judge first determined that Plaintiff had abandoned her breach of

contract and assault and battery claims and addressed the claims set forth in Plaintiff's amended complaint accordingly. (ECF No. 56 at 1.) The Magistrate Judge also noted Plaintiff's history of filing cases in federal district courts across the country, many of which allege the same or similar causes of action for discrimination based on disability and national origin or tort claims for various alleged injuries suffered as a result of the alleged discrimination. (ECF No. 56 at 2-3.) The Magistrate Judge recommends that Plaintiff's public accommodation claim under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12182, *et seq.* and her claim for discrimination under Title II of the Civil Rights Act of 1964, 42 U.S.C. §§2000a be dismissed for failure to pray for equitable relief which is the only remedy available under either claim. (ECF No. 56 at 6.) The Magistrate Judge also recommends that Plaintiff's Title II national origin claim be dismissed for the additional reason that Plaintiff fails to make any factual allegations supporting discriminatory animus based on her national origin. (ECF No. 56 at 6.) He further recommends that Plaintiff's Title III claim be dismissed because Plaintiff's claim does not meet the facial plausibility standard applicable to Title III ADA discrimination claims. (ECF No. 56 at 7.) Finally, the Magistrate Judge recommends that Plaintiff's state law causes of action for negligence and personal injury be dismissed as they consist of legal conclusions without sufficient factual support to state plausible claims for negligence or personal injury. (ECF No. 56 at 7-8.)

The Magistrate Judge also considered Plaintiff's several motions to amend which were denied by the Magistrate Judge as futile. (ECF No. 56 at 8-10.) The Magistrate Judge also denied Plaintiff's motion to strike Defendant's motion to dismiss and motion to receive court documents by email. (ECF No. 56 at 10.)

Plaintiff objected to Magistrate Judge's Report and Recommendation and appears to seek leave to file another amended complaint. (ECF No. 60.) Plaintiff does not make any specific objections[1] to the Magistrate Judge's well-reasoned Report and Recommendation and analysis of her claims but instead focuses on the reasons why she would like to amend her complaint again. (ECF No. 60 at 3.) She then sets forth a very brief statement of a claim alleging that Defendant's male Salvadorian-American employee injured her (a Nigerian-American), breached their contract, defamed her, and discriminated against her as she dined at the Denny's Restaurant. (ECF No. 60 at 3.)

Ordinarily, "the court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a); *Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir.1999) (noting that the disposition to amend is within the sound discretion of the district court). A district court may deny a party's motion to amend if allowing the amendment would be futile. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile."). Plaintiff's proposed amendment to her complaint as set forth in her objections (ECF No. 60) is even more barebones and devoid of any factual support than her previous complaints. Plaintiff's proposed amendment would not cure the deficiencies noted by the Magistrate Judge in his Report and Recommendation, is insufficient on its face, and would not survive a subsequent motion to dismiss. Accordingly, leave to amend is denied as futile.

---

[1] "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," de novo review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) (citations omitted); *see also Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir.2005).

**CONCLUSION**

The Court has carefully reviewed the objections made by Plaintiff and has conducted the required de novo review. After considering the motion and responses, the record, the Report and Recommendation of the Magistrate Judge, and the parties' objections and responses, this court determines that the Magistrate Judge's recommended disposition is correct and the Report and Recommendation is adopted and incorporated herein by reference. Therefore, the Clerk of Court is directed to file ECF No.1-3 as Plaintiff's amended complaint. Further, it is ORDERED that Defendant's Motion to Dismiss (ECF No. 31) be granted and this action hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
October 11, 2013